UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BALJINDER SANDHU,<br><br>    Plaintiff,<br><br>    v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-04987-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SANTA CLARA SUPERIOR COURT AND DENYING DEFENDANT VOLVO CARS USA, LLC'S MOTION FOR AN ORDER DROPPING SMYTHE VOLVO AS A DEFENDANT**<br><br>[Re: ECF 18, 23] |

Before the Court is Plaintiff Baljinder Sandhu's motion to remand, and Defendant Volvo Cars USA, LLC ("Volvo")'s[1] motion for an order dropping Smythe Volvo dba Autonation Volvo Cars San Jose ("Smythe") as a defendant pursuant to Fed. R. Civ. P. 21. Mot. to Remand, ECF 18; Mot. to Drop, ECF 23. The Court heard argument on these motions on January 12, 2017. For the reasons discussed herein, the Court GRANTS Plaintiff's motion to remand this action to Santa Clara Superior Court and DENIES VCUSA's motion to drop Smythe as a defendant.

**I.    BACKGROUND**

Volvo distributes automobiles to retailers, including Defendant Smythe, who then sells the vehicles to consumers. First Am. Compl. ("FAC") ¶¶ 4–6, ECF 16. In 2010, Sandhu purchased a vehicle from Smythe, which came with an express warranty that Volvo would provide compensation if there was a problem with the vehicle during a specified period of time. *Id.* ¶¶ 8–

---

[1] Defendant claims that Volvo Cars USA LLC is the successor to Volvo Cars of North America, LLC, for any obligations alleged in the First Amended Complaint and is the proper defendant in this action. Answer to FAC ¶ 5, ECF 24. There is no motion to substitute defendant. For the purposes of this motion, the Court refers to both Volvo Cars of North America, LLC and Volvo Cars USA, LLC as "Volvo."

9. Sandhu alleges that during the warranty period, the vehicle began showing various defects and was taken in for repairs. *Id.* ¶¶ 10. Ultimately, the repairs were unsuccessful, and Plaintiff alleges that neither Smythe nor Volvo compensated him as promised. *Id.* ¶ 11.

On July 27, 2016, Sandhu filed a complaint in the Santa Clara County Superior Court against Volvo alleging violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, and the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq*. Ex. A to Notice of Removal, ECF 1. On August 30, 2016, Volvo removed this action to this Court. ECF 1. On September 19, 2016, Plaintiff filed the FAC, adding Smythe as a defendant, removing the Magnuson-Moss Warranty Act claims[2], and adding a statement that his damages "exceed[ ] $25,000." *See generally* FAC.

On September 29, 2016, Plaintiff filed a motion to remand because the addition of Smythe, a California resident, as a defendant, defeats diversity jurisdiction. Volvo opposed the motion to remand and, on October 7, 2016, filed a cross-motion seeking to drop Smythe from this action pursuant to Fed. R. Civ. P. 21.

## II. MOTION TO REMAND[3]

Plaintiff seeks remand of this action to state court inasmuch as the FAC does not support either federal question or diversity jurisdiction. Volvo opposes this motion and asks the Court to exercise its discretion to deny joinder of Smythe pursuant to 28 U.S.C. § 1447(e). *See generally* Opp'n to Mot. to Remand, ECF 25

### A. Legal Standard

"The Court determines whether to permit joinder under § 1447(e) by reference to the following considerations: (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained

---

[2] The parties do not dispute that Plaintiff filed his FAC as a matter of right under Fed. R. Civ. P. 15(a)(1). Thus, he was entitled to delete the federal claim from the FAC. *See* Mot. to Remand 1 n.1.
[3] The Court does not address Plaintiff's argument that Volvo did not satisfy its burden as to the amount in controversy given the lack of complete diversity.

delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (citations and internal quotation marks omitted).

**B. Discussion**

    **i. Needed for Adjudication**

Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, impede the putative party's ability to protect its interests, or would subject any of the parties to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a). "A person falling within the scope of Rule 19(a) must be joined to the ongoing action if feasible." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). "[W]hile courts consider the standard set forth under Rule 19 in determining whether to permit joinder under section 1447(e), 'amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19].'" *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. 16-cv-00949-CAS, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016) (alteration in original) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000)). "'The standard is met when failure to join will lead to separate and redundant actions,' but it is not met when 'defendants are only tangentially related to the cause of action or would not prevent complete relief.'" *Id.* at *3 (quoting *IBC Aviation*, 125 F. Supp. 2d at 1012).

Volvo first argues that Smythe is not a necessary defendant because Sandhu cannot seek the primary relief sought—rescission or restitution—from Smythe based on the statutory language of the Song-Beverly Act. Opp'n to Mot. to Remand. 3. The Court finds this argument unavailing. The standard properly focuses on whether Plaintiff can obtain *complete* relief without the newly added party, not whether he can obtain the primary relief sought. Reply ISO Mot. to Remand 2, ECF 30.

Volvo also contends that because it is bound to indemnify Smythe for any judgment in Plaintiff's favor, Smythe is not needed in this action. Opp'n to Mot. to Remand 4. But, the law appears to grant a separate claim against the retailer. Plaintiff has a right to bring an action against

3

a defendant as to whom the law grants a claim, and to try his case in a manner of his own choosing. Volvo cites no controlling authority that suggests that it has the right to dictate how a plaintiff ought to plead and prove his case depending on the relationship it has with the co-defendant or its willingness to forego certain potential defenses. For the same reason, the Court does not find it dispositive that Sandhu has not added any separate claims against Smythe because Plaintiff may bring a cause of action for breach of implied warranty. *See* Opp'n to Mot. to Remand. 5.

Accordingly, the Court finds that Smythe is needed for just adjudication within the relaxed meaning of § 1447(e). Plaintiff has alleged that the breach of the implied warranty arises from the same vehicle, the same alleged defects in that vehicle, and the same failed attempt to repair that vehicle. *See generally* FAC. Trying the case in separate actions could lead to inconsistent findings as to the condition of the vehicle and the adequacy of repairs. Thus, this factor weighs in favor of joinder.

### ii. Statute of Limitations

If a plaintiff could file an action against the joined defendant in state court, then there is less reason to join them in this action. *See Clinco*, 41 F. Supp. 2d at 1083. "'[T]he statute of limitations for an action for breach of warranty under the Song-Beverly Act is four years pursuant to section 2725 of the Uniform Commercial Code.'" *Sabag v. FCA US, LLC*, No. 16-cv-06639-CAS, 2016 WL 6581154, at *5 (C.D. Cal. Nov. 7, 2016) (quoting *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1306 (2009)).

While it is unclear from the FAC whether the alleged breach occurred within the past four years,[4] Plaintiff admits that "[a] new action against [Dealer Defendant] would not be time-barred."[5] Mot. to Remand 5. Accordingly, this factor weighs against joinder.

---

[4] Plaintiff purchased the vehicle over 4 years ago in 2010, and claims the vehicle contained or developed defects on that date or within one-year thereafter, but no specified date of breach is provided in the FAC or in either party's motion. FAC ¶ 32.
[5] At the hearing, Volvo argued that the claim against Smythe is barred by the statute of limitations because the implied warranty lasts only one year and Plaintiff would have four years within which to bring the suit, *i.e.*, it must have been brought by 2015. However, it is not apparent on the face of the complaint when the claim accrued.

4

### iii. Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. Plaintiff filed his FAC within the time limits afforded by Rule 15 and before any dispositive motions were filed. Thus, Plaintiff acted in a timely fashion. Accordingly, this factor weighs in favor of joinder.

### iv. Motivation for Adding the Dealer Defendant

"'[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint.'" *Clinco*, 41 F. Supp. 2d at 1083 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* (citation and internal quotation marks omitted). While the circumstances in this case suggest that one of Plaintiff's motivations is to defeat jurisdiction, it is not readily apparent that it is the sole motivation, particularly because there is a seemingly valid claim against Smythe, as explained below. At the hearing, Volvo suggested that Sandhu's motive should be dispositive here. However, Volvo cited no authority to support this assertion. Accordingly, Plaintiff's motivation weighs somewhat against joinder.

### v. Validity of Claims Against the Dealer Defendant

"'The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e).'" *Sabag*, 2016 WL 6581154, at *6 (quoting *Taylor v. Honeywell Corp.*, No. 9-cv-4947-SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010)). "In considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Id.* at *6 (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. 2015)).

At least one of Plaintiff's claims against Smythe appears valid: breach of the implied warranty of merchantability. California Civil Code § 1792 states:

> Unless disclaimed in the manner prescribed by this chapter, every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable. The retail seller shall have a right of indemnity against the manufacturer in the amount of any liability under this section.

Smythe was the retailer in this transaction and Volvo agrees that there is an "actionable claim against Smythe . . . for breach of implied warranty." Mot. to Remand 7; Mot. to Drop 9. Volvo argues, however, that this claim is invalid because it is required to indemnify Smythe for that claim. *Id.* Volvo does not cite any authority that joinder of an indemnitee is unnecessary, or somehow renders an otherwise valid claim invalid, simply because its indemnitor is already a party. Accordingly, this factor weighs in favor of joinder.

### vi. Prejudice

Where "the claims against the sought parties arise out of the same factual circumstances, it is to the economic benefit of all parties, and the judicial system, to have the entire controversy adjudicated only once," and "[t]o force Plaintiff to proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice." *Verrell v. ROC AZ Villa Antiqua LLC*, No. 14-1730-TUC, 2014 WL 3556359, at *3 (D. Ariz. July 18, 2014); *see also Lara v. Bandit Industries, Inc.*, No. 12-cv-2459, 2013 WL 1155523, at *5 (E.D. Cal. March 19, 2013) ("This Court . . . finds that precluding Plaintiffs from joining Cal–Line would prejudice Plaintiffs because they would be required either to abandon a viable claim against Cal–Line or to initiate a duplicative litigation in state court."). This factor supplements the necessity factor by accommodating cases where the claims are more than tangentially related and similar enough that separate litigation would be inefficient and wasteful to the parties and the courts. Here, Plaintiff argues that denying the motion to remand would prejudice him and waste judicial resources because he would be required to pursue two substantially similar lawsuits in two different forums—one action against Volvo before this Court and another action against Smythe in state court. Mot. to Remand. 8. Accordingly, this factor weighs in favor of joinder.

Based on the foregoing, the Court exercises its discretion to permit joinder of Smythe. Accordingly, the Court GRANTS Plaintiff's motion to remand.

### III. MOTION TO DROP

Volvo filed this related motion to drop Smythe from the FAC. *See generally* Mot. to Drop. Volvo asks the Court to drop Smythe as a defendant pursuant to Fed. R. Civ. P. 21 for the same reasons it asks the Court to deny Plaintiff's motion to remand. *See id.* 1 (arguing that the primary reason Plaintiff added Smythe as a defendant was to destroy subject matter jurisdiction). However, it is unclear if Rule 21 is the proper vehicle for this motion as it only refers to dropping misjoined parties. *See Delafontaine v. Volvo Cars of N. Am.,* LLC, No. 16-7154-GHK, 2016 WL 7338404, at *4 (C.D. Cal. Dec. 19, 2016). However, even if the Court were to interpret the "misjoinder" language in Rule 21 to encompass a defendant whose joinder may be denied by the court under § 1447(e), the Court nevertheless DENIES the motion to drop Smythe as a defendant for the reasons set forth above with respect to the motion to remand.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to drop Smythe is DENIED. Plaintiff's motion to remand this action to state court is GRANTED. This action is hereby REMANDED to the state court from which it was removed.

Dated: January 31, 2017

_____
BETH LABSON FREEMAN
United States District Judge